IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | 2:00-CR-00031 BSJ |
| Plaintiff,  ) | |
| ) | **MEMORANDUM OPINION** |
| vs.  ) | **& ORDER** |
| ) | |
| LYNDA DAWN ESQUIVEL,  ) | |
| ) | **FILED** |
| Defendant.  ) | CLERK, U.S. DISTRICT COURT |
| ) | June 25, 2008 (4:39pm) |
| ) | DISTRICT OF UTAH |

* * * * * * * * *

This matter is before the court on defendant Lynda Dawn Esquivel's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). (Motion of Petitioner for Modification or Reduction of Sentence Based Upon an Intervening Post-Sentence Change in the United States Sentencing Guidelines Pertaining to Cocaine Base "Crack" Offenses (Amendment 9) and the Corollary Criminal History Category (Amendment 12) Which Effectively Lowers Petitioner's Term of Imprisonment (dkt. no. 30) (Esquivel's "Motion").)

I.  **BACKGROUND**

On January 21, 2000, Esquivel was named in a four-count Information that generally alleged that on or around December 23, 1999, Esquivel knowingly and intentionally possessed with the intent to distribute certain quantities of both cocaine base (otherwise known as "crack" cocaine) and cocaine, and knowingly possessed a firearm in relation to such drug possession. (Information (dkt. no. 13).) Specifically, Esquivel was charged with possession of cocaine base with intent to distribute, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count I);

possession of cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) (Count II); possession of a firearm in furtherance of a drug trafficking offense, a violation of 18 U.S.C. § 924(c) (Count III); and being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count IV).  (*Id.*)  On February 11, 2000, Esquivel pleaded guilty to all four counts pursuant to a written plea agreement.  (Minute Entry, dated Feb. 11, 2000 (dkt. no. 18); Statement by Defendant in Advance of Plea of Guilty (dkt. no. 19).)

According to the Presentence Report prepared by the United States Probation Officer before Esquivel was originally sentenced, to which Esquivel made no objection, Esquivel's offense involved 15.7 grams of cocaine base and 418.59 grams of cocaine.  (*See* Defendant's Position with Respect to Sentencing Factors (dkt. no. 21).)  Applying the 1998 edition of the *Guidelines Manual*, the Probation Officer determined that Esquivel's combined base offense level for Counts I, II, and IV was 26.  Esquivel's combined base level was increased by two levels pursuant to section 2D1.1(b)(1) of the Sentencing Guidelines for possession of a firearm and then reduced by three levels for acceptance of responsibility, resulting in an Adjusted Offense Level of **25**.  Esquivel's Criminal History Category was calculated in the Presentence Report as a category **VI**.

At the time that Esquivel was originally sentenced, the court determined that based on Esquivel's Adjusted Offense Level of **25** and Criminal History Category of **VI**, the sentencing guideline range applicable to Esquivel for Counts I, II, and IV was 110 to 137 months of imprisonment.  With respect to Count III, the court determined that pursuant to 18 U.S.C. § 924(c) and section 2K2.4 of the Sentencing Guidelines, Esquivel was subject to a mandatory minimum sentence of not less than five years, to be served in addition to the sentence imposed

for Esquivel's other counts. On June 2, 2000, the court sentenced Esquivel to 170 months of imprisonment—110 months on Counts I, II, and IV and a consecutive mandatory minimum term of 60 months on Count III.

In her Motion, Esquivel asks the court to reduce her term of imprisonment under 18 U.S.C. § 3582(c) in light of various amendments that have been made to the Sentencing Guidelines since she was originally sentenced on June 2, 2000.

## II.     ANALYSIS

While a district court does not have inherent authority to modify a previously imposed sentence, it may do so pursuant to statutory authorization. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Effective March 3, 2008, the United States Sentencing Commission "promulgated an amendment to policy statement §1B1.10 clarifying when, and to what extent, a sentencing reduction is considered consistent with the policy statement and therefore authorized under 18 U.S.C. § 3582(c)(2)." United States Sentencing Commission, *Guidelines Manual* (Supp. May 1, 2008). Pursuant to section 1B1.10's amended policy statement,

> [i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as

> a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

*Id.* at § 1B1.10(a)(1). At the time that Esquivel filed her Motion, section 1B1.10(c) provided that "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711." United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(c) (Supp. Mar. 3, 2008). Effective May 1, 2008, Amendment 715 was also added to section 1B1.10(c) as an amendment that may be applied retroactively. United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(c) (Supp. May 1, 2008).

In determining whether, and to what extent, a reduction to a defendant's term of imprisonment is warranted under section 1B1.10 and 18 U.S.C. § 3582(c)(2),

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) [of 1B1.10] had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.* at § 1B1.10(b)(1).

Having carefully reviewed and liberally construed Esquivel's Motion, the court determines that Esquivel's term of imprisonment should be reduced pursuant to 18 U.S.C. § 3582(c)(2), section 1B1.10's policy statement, and Amendments 599, 706, and 715 to the

Sentencing Guidelines.[1]

On November 1, 2000—just months after Esquivel was originally sentenced on June 2, 2000—Amendment 599 became effective and was included in section 1B1.10(c) as a retroactive amendment. United States Sentencing Commission, *Guidelines Manual*, App. C, Vol. II, Amendments 599, 607 (Nov. 1, 2003). Amendment 599 modified the commentary to section 2K2.4 of the Sentencing Guidelines, which applies to offenses involving the use of a firearm during or in relation to certain crimes. *Id.* at Amendment 599. The amended commentary reads:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct).

*Id.* "Amendment 599 clarified that if a sentence for violating 18 U.S.C. § 924(c) 'is imposed in conjunction with a sentence for an underlying offense,' then the 'specific offense characteristic for possession, brandishing, use, or discharge' of the firearm charged in 924(c) should not be calculated into the sentence for the underlying offense. U.S.S.G. App. C, vol. II, Amend. 599 (2000)." *United States v. Berry*, 196 Fed. Appx. 660, 662 (10th Cir. 2006).

---

[1] While Esquivel refers to "Amendment 9" as the basis for her request that the court reduce her offense level by two levels, she extensively cites language from the *Guidelines Manual* describing the reason for Amendment 706 and the court has no doubt that she meant to rely on Amendment 706. ( *See* Motion at 2-3.) Moreover, although Esquivel filed her Motion before the Sentencing Commission promulgated Amendment 715—a retroactive amendment that modifies the portion of the Sentencing Guidelines upon which the court must rely in calculating Esquivel's new guideline range—the court will construe Esquivel's Motion as also relying on Amendment 715.
It is less clear whether Esquivel is relying on Amendment 599 as a basis for her request that her sentence be reduced. Liberally construing Esquivel's Motion and her reliance on *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007)—a case discussing Amendment 599—the court will consider Amendment 599's impact on Esquivel's sentence. In the alternative, the court raises on its own motion the question of whether Esquivel's sentence should be reduced pursuant to Amendment 599. *See* 18 U.S.C. § 3582(c)(2) (indicating that where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may modify the term of imprisonment on its own motion).

Since Esquivel was originally sentenced in this case, the Sentencing Guidelines relating to offenses involving cocaine base have also been amended. On November 1, 2007, the Sentencing Commission issued Amendment 706, as amended by Amendment 711, to section 2D1.1 of the Sentencing Guidelines. United States Sentencing Commission, *Guidelines Manual*, Supp. to App. C, Amendments 706 and 711 (Nov. 1, 2007). Amendment 706 generally reduces by two levels the base offense levels that are applicable to offenses involving cocaine base. *Id.* at Amendment 706; United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c) (Nov. 1, 2007). In addition, effective May 1, 2008, the Sentencing Commission enacted Amendment 715, modifying the commentary to section 2D1.1 to revise the manner in which combined offense levels are determined in cases involving cocaine base and one or more other controlled substance. The Sentencing Commission enacted Amendment 715 in part to remedy a sentencing anomaly in which some offenders would not receive the benefit of the two-level reduction provided by Amendment 706 because of the conversion of cocaine base to its marijuana equivalent. United States Sentencing Commission, *Guidelines Manual*, Amendment 715 (Supp. May 1, 2008). Like Amendment 599, Amendments 706 and 715 were included in section 1B1.10(c) as retroactive amendments. United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(c) (Supp. May 1, 2008).

In determining whether, and to what extent, a reduction to Esquivel's term of imprisonment is warranted under section 1B1.10 and 18 U.S.C. § 3582(c)(2), the court has recalculated Esquivel's sentence to determine what guideline range would have applied had Amendments 599, 706, and 715 been in effect when she was originally sentenced. Under section 2D1.1 of the Sentencing Guidelines, where an offense involves both cocaine base and another

controlled substance, the defendant's base offense level is determined by converting each of the controlled substances to their marijuana equivalent. United States Sentencing Commission, *Guidelines Manual*, Amendment 715 (Supp. May 1, 2008). Under Amendment 715, the 15.7 grams of cocaine base involved in Esquivel's offense converts to 314 kilograms of marijuana and the 418.59 grams of cocaine involved in Esquivel's offense converts to 83.71 kilograms of marijuana. *See id.* Together, the amounts of cocaine base and cocaine that Esquivel was responsible for is the equivalent of 397.71 kilograms of marijuana. Under section 2D1.1's Drug Quantity Table, 397.71 kilograms of marijuana corresponds to a combined base offense level of 26. United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c) (Nov. 1, 2007). Reducing this combined base offense level by two levels, as instructed by Amendment 715, results in an offense level of 24—two levels below the combined base offense level that applied to Esquivel when she was originally sentenced.

Furthermore, given that Esquivel was sentenced to a consecutive mandatory minimum term of sixty months on Count III for her violation of 18 U.S.C. § 924(c), Amendment 599 provides that the sentence imposed for the offense underlying the 18 U.S.C. § 924(c) charge—drug possession with intent to distribute as charged in Counts I and II—should not be increased by the application of a weapons enhancement. Accordingly, the two-level enhancement for possession of a firearm that was originally applied in calculating Esquivel's sentence for Counts I, II and IV is no longer appropriate in light of Amendment 599.

Leaving all other guideline decisions unaffected—as instructed by section 1B1.10—results in an Adjusted Offense Level of **21** (based on the three-level reduction for acceptance of responsibility) and a criminal history category of **VI**. This corresponds to a

sentencing guideline range of seventy-seven to ninety-six months of imprisonment. United States Sentencing Commission, *Guidelines Manual*, Ch. 5, Pt. A (Nov. 1, 2007).

In addition to recalculating Esquivel's guideline range, the court has also has received and considered a memorandum and an amended memorandum prepared by the United States Probation Office for the District of Utah that addresses Esquivel's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2). The court has also reviewed the additional documents that the Probation Office provided to the court in support of its amended memorandum, including but not limited to the "Amended Presentence Report Upon 2007 Crack Cocaine Amendment (U.S.S.G. § 1B1.10)," to which the United States makes no objection. (*See* Government's Response to Defendant's Position with Respect to Sentencing Factors Pursuant to 2007 Crack Cocaine Amendment (dkt. no. 34).) Furthermore, the court has carefully considered Esquivel's file, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or the community that may be posed by a reduction in Esquivel's term of imprisonment, and Esquivel's post-sentencing conduct. *See* United States Sentencing Commission, *Guidelines Manual*, § 1B1.10, comment. (n.1(B)(i)-(iii)) (Supp. May 1, 2008). Based on the foregoing considerations, the court determines that it is appropriate to reduce Esquivel's term of imprisonment from **170 months** to **137 months**. This sentence consists of seventy-seven months on Counts I, II, and IV and sixty consecutive months on Count III.

Contrary to Esquivel's contentions, she is not entitled to a further reduction in her sentence because of amendments that have been made to the Sentencing Guideline's criminal history rules. Effective November 1, 2007, the Sentencing Commission enacted Amendment 709 to "address[] two areas of the Chapter Four criminal history rules: the counting of multiple

8

prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score." United States Sentencing Commission, *Guidelines Manual*, Supp. to App. C, Amendment 709 (Nov. 1, 2007). While Esquivel refers to this as "Amendment 12," her citation to language in the *Guidelines Manual* describing the reason for Amendment 709 makes clear to the court that Esquivel was in fact relying on Amendment 709 as the basis of her request. (*See* Motion at 3.) Unlike Amendments 599, 706, and 715, the Sentencing Commission did not include Amendment 709 as a retroactive amendment in section 1B1.10(c). Thus, even if applying Amendment 709 to Esquivel's particular criminal history would reduce her applicable criminal history category, which Esquivel has made no attempt to establish, a sentence reduction would not be consistent with the Sentencing Commission's policy statement and would not be appropriate under 18 U.S.C. § 3582(c)(2).

For these reasons,

**IT IS ORDERED** that Esquivel's Motion (dkt. no. 30) is GRANTED to the extent that pursuant to 18 U.S.C. § 3582(c)(2), Esquivel's previously imposed term of imprisonment in this case is reduced from **170 months** to **137 months**. This sentence consists of seventy-seven months on Counts I, II, and IV and a consecutive mandatory minimum term of sixty-months on Count III. If this revised sentence is less than the amount of time that Esquivel has already served, Esquivel's sentence is reduced to a "Time Served" sentence. *See* United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(b)(2)(C) (Supp. May 1, 2008) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

**IT IS FURTHER ORDERED** that apart from the reduction to Esquivel's term of

9

imprisonment set forth above, all of the other terms and conditions imposed on Esquivel when she was sentenced on June 2, 2000, remain the same.

**IT IS FURTHER ORDERED** that Esquivel's supplemental motion requesting a reduction to her sentence (Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, signed March 5, 2008)—Esquivel's second section 2255 motion—is hereby deemed moot, the court having determined the propriety of a reduction to Esquivel's sentence as set forth above.

DATED this ____ day of June, 2008.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge

imprisonment set forth above, all of the other terms and conditions imposed on Esquivel when she was sentenced on June 2, 2000, remain the same.

**IT IS FURTHER ORDERED** that Esquivel's supplemental motion requesting a reduction to her sentence (Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, signed March 5, 2008)—Esquivel's second section 2255 motion—is hereby deemed moot, the court having determined the propriety of a reduction to Esquivel's sentence as set forth above.

DATED this 25 day of June, 2008.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge

10